■ In the Matter of 12-14 EAST 64TH OWNERS CORP., Respondent, v VERINA HIXON, Appellant. [13 NYS3d 57]—

Order of the Appellate Term of the Supreme Court, First Department, entered on or about February 1, 2013 which affirmed as modified, a judgment of Civil Court, New York County (Jean T. Schneider, J.), entered November 20, 2009, after a nonjury trial, in petitioner cooperative's favor, unanimously affirmed, without costs.

This appeal arises from a nonpayment proceeding to recover unpaid maintenance withheld by respondent following a flood in her apartment. The proceeding was tried jointly and substantively consolidated with a holdover proceeding brought by the cooperative against respondent in Civil Court, New York County (Jean T. Schneider, J.) (the Housing Court).

After a joint trial, the Housing Court issued an order, on November 20, 2009, which granted withheld maintenance payments to the cooperative in the amount of $45,356.74, and denied respondent's counterclaims for rent abatement. In January 2013, the Appellate Term affirmed the Housing Court order, with the sole modification of reducing the cooperative's recovery of maintenance arrears from $45,356.74 to $34,300.02, and denied respondent's application for attorney's fees.

Under the warranty of habitability, the obligation of a tenant to pay rent (or maintenance) is dependent upon a landlord's satisfactory maintenance of the premises in a habitable condition (*Park W. Mgt. Corp. v Mitchell*, 47 NY2d 316, 327 [1979], *cert denied* 444 US 992 [1979]). The warranty provides that "the occupants of such premises shall not be subjected to any conditions which would be dangerous, hazardous or detrimental to their life, health or safety. When any such condition has been caused by the misconduct of the tenant or lessee or persons under his direction or control, it shall not constitute a breach of such covenants and warranties" (Real Property Law § 235-b [1]). It is undisputed that the apartment was in an uninhabitable condition at all relevant times after the flood.

The Appellate Term properly denied rent abatement to respondent for the period of May 2004-November 2006, in light of her admitted misconduct, and subsequent delays, after the flood. Once respondent advised the cooperative that she intended to make the repairs herself, in May 2004, the cooperative could not have overridden her instructions by making its own repairs. The warranty only applies to areas that are "within the landlord's control" (*Park W. Mgt. Corp.*, 47 NY2d at 327). This was a sufficient reason to deny rent abatement, at least until respondent changed her mind and demanded that the cooperative make the repairs in August 2005.

With respect to the remainder of the time period in question, respondent is again foreclosed from seeking a rent abatement in light of her own misconduct. Respondent admits that she commenced flood repairs without the proper application for doing so, and that she did not tender the $10,000 repair escrow amount until June 2005, thus delaying her compliance with a separate stipulation between the parties by some nine months. The cooperative credibly submits that, absent respondent's delays and misconduct, it would have restored her apartment to a habitable condition.

The Appellate Term also properly denied respondent's request for attorney's fees incurred in defending the holdover proceeding, in light of the mixed results of the joint proceedings before the Housing Court (*see e.g. Berman v Dominion Mgt. Co.*, 50 AD3d 605, 605 [1st Dept 2008]).

We have considered the remaining contentions, and find them unavailing. Concur—Sweeny, J.P., Andrias, Manzanet-Daniels and Clark, JJ.