■ CREDIT SUISSE FINANCIAL CORPORATION, Respondent, v DEAN RESKAKIS, Respondent, and TONINNO SACCO et al., Appellants. [32 NYS3d 93]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered May 29, 2015, which, to the extent appealed from

as limited by the briefs, denied defendants Tonino Sacco and Elias Fillas's motion to dismiss plaintiff's complaint as against them, unanimously affirmed, with costs.

Sacco and Fillas are named partners of a law firm, and their former associate, defendant Dean Reskakis, allegedly defrauded plaintiff, the firm's client, during a mortgage closing, by failing to follow express and implied instructions, permitting the contract of sale to list a nonexistent lawyer, and disbursing loan proceeds to unauthorized individuals who were later indicted for bank and wire fraud.

On a pre-answer motion to dismiss for lack of standing, the burden lies with the defendant to establish prima facie that plaintiff has no standing to sue (*Brunner v Estate of Lax*, 137 AD3d 553, 553 [1st Dept 2016]; *Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d 52, 59-60 [2d Dept 2015]). Sacco and Fillas failed to meet this burden, since they did not provide any evidence in support of their allegation that plaintiff's assignment of a note to a nonparty resulted in the extinguishment of its right to pursue its fraud claims. In particular, there is no evidence regarding the compensation plaintiff received for the assignment (*see State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling*, 95 NY2d 427, 436 [2000]).

The allegations set forth in the complaint, in conjunction with the affidavit of plaintiff's executive vice president and the affirmation of plaintiff's counsel (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 636 [1976]), state a cause of action for fraud with sufficient particularity (*see CPLR 3016 [b]; Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 491 [2008]). The aforementioned documents provide sufficient facts to reasonably infer that defendants engaged in the alleged misconduct (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]).

The documentary evidence does not conclusively establish that defendants did not commit fraud (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]). The mortgage is the only piece of documentary evidence that conclusively refutes any allegation made by plaintiff. Although plaintiff alleges that the buyer did not execute a mortgage, it submitted a mortgage executed by the buyer. However, rejection of this allegation has no effect on the viability of plaintiff's fraud claims.

We have considered Sacco and Fillas's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Moskowitz, Manzanet-Daniels and Gesmer, JJ.