Gendell v 42 W.17th St. Hous. Corp. (2021 NY Slip Op 02600)





Gendell v 42 W.17th St. Hous. Corp.


2021 NY Slip Op 02600


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Kern, J.P., Moulton, Scarpulla, Mendez, JJ. 


Index No. 158100/15 Appeal No. 13712 Case No. 2020-04265 

[*1]Yfat Gendell, et al., Plaintiff-Appellants-Respondents,
v
42 W.17th St. Housing Corp., et al., Defendant-Respondent-Appellants.


Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for appellants-respondents.
Gartner + Bloom PC, New York (Alexander D. Fisher of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered August 26, 2020, which, to the extent appealed from as limited by the briefs, granted defendant 42 W. 17th St. Housing Corp.'s motion for summary judgment dismissing the gross negligence claim and denied the motion as to the negligence claim and the demand for consequential damages, and denied plaintiffs' cross motion for partial summary judgment on the breach of contract claim, unanimously affirmed, without costs.
The court correctly denied partial summary judgment to plaintiffs on the breach of contract claim, because there are issues of fact with respect to the source of the leaks in plaintiffs' units and, consequently, which party bears responsibility for the leaks under the proprietary lease, offering plan, and amendments thereto.
The court correctly declined to dismiss the negligence claim as duplicative of the breach of contract claim, because defendant had a nondelegable duty to maintain the roof in good repair, independent of the parties' respective obligations under the terms of the proprietary lease (see Multiple Dwelling Law § 78[1]; Jacobson v 142 E. 16 Coop. Owners, 295 AD2d 211 [1st Dept 2002]; Liberman v Cayre Synergy 73rd LLC, 108 AD3d 426, 426 [1st Dept 2013]). In the cases cited by defendant, the plaintiffs did not assert a negligence claim based upon the statutory independent duty (e.g. Baker v 16 Sutton Place Apt. Corp., 2 AD3d 119, 121 [1st Dept 2003]). In addition, there is evidence in the record supporting plaintiff's allegation that defendant breached its nondelegable duty by failing to properly repair the roof when leaks arose and that defendants' actions caused plaintiffs' children to suffer health issues (see Anderson v Nottingham Vil. Homeowner's Assn., Inc., 37 AD3d 1195, 1197-1198 [4th Dept 2007]). There is also evidence that defendant was served with a summons by the New York City Department of Buildings in 2019 for leaks emanating from the building's faÇade.
However, the court correctly dismissed the claim for gross negligence, because plaintiff failed to raise an issue of fact showing that defendant's actions "smack[] of intentional wrongdoing . . . evince[ing] a reckless indifference to the rights of others" (see Sommer v Federal Signal Corp., 79 NY2d 540, 554 [1992] [internal quotation marks omitted]).
As plaintiffs have a viable negligence claim, they may seek consequential damages as provided for by the proprietary lease. Moreover, because the loss of
plaintiffs' subtenants in the second unit they own was essentially based on the uninhabitability of the unit, plaintiffs also may claim consequential damages for lost rental income on that unit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2021