Baker v 40 E. 80 Apt. Corp. (2022 NY Slip Op 02357)

Baker v 40 E. 80 Apt. Corp.

2022 NY Slip Op 02357

Decided on April 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 12, 2022

Before: Renwick, J.P., Friedman, Moulton, Mendez, Pitt, JJ. 

Index No. 603683/03 Appeal No. 15696 Case No. 2021-01151 

[*1]Janet Greenberg Baker et al., Plaintiffs-Appellants-Respondents,
v
40 East 80 Apartment Corporation et al., Defendants-Respondents-Appellants, Selvin R. Silver et al., Defendants. [And Other Third-Party Actions.]

McLaughlin & Stern, LLP, Garden City (John M. Brickman of counsel), for appellants-respondents.
Barry McTiernan & Moore LLC, New York (David H. Schultz of counsel), for 40 East 80 Apartment Corporation, respondent-appellant.
McGivney, Kluger, Clark & Intoccia, P.C., New York (Lawrence J.T. McGivney of counsel), for Penmark Realty Corporation, respondent-appellant.

Judgment, Supreme Court, New York County (Frank P. Nervo, J.), entered November 30, 2020, after a nonjury trial, in favor of plaintiffs and against defendant 40 East 80 Apartment Corporation (40 East) on plaintiffs' negligence, breach of contract, and breach of warranty of habitability claims, and awarding plaintiffs $135,279 for property damage and remediation and $228,116.07 for alternative living expenses (after offset for maintenance abatement), plus interest from April 30, 2006, and $506,704.12 for maintenance abatements, and directing 40 East to return any late fees with respect to the abated sums, and awarding plaintiffs attorneys' fees plus interest in an amount to be determined, and awarding 40 East on its third-party claim against defendant Penmark Realty Corporation (Penmark) an amount equal to 50% of the damages, except for late fees, and dismissing 40 East's counterclaim against plaintiffs for maintenance owed as moot, unanimously modified, on the law, to limit Penmark's liability to damages incurred prior to December 31, 2009, to vacate the maintenance abatement for loss of use of the kitchen, to direct that interest be recalculated as stated herein and that funds from escrow be released to plaintiffs in partial satisfaction of the judgment, and otherwise affirmed, without costs.
Plaintiffs are the owners of an apartment in a cooperative building owned by defendant 40 East. Defendant Penmark was the building's managing agent through December 31, 2009. Plaintiffs claim that, as a result of defendants' failure to make necessary repairs, water and mold infiltrated their apartment, damaging their real and personal property and rendering the apartment uninhabitable.
There is sufficient evidence in the record to permit a finding that 40 East was negligent, including evidence that plaintiffs suffered a recurring water intrusion issue, and that they brought this issue to 40 East's attention many times, but that 40 East failed to take appropriate measures to fix it. The trial court could also reasonably have concluded that 40 East was responsible under the proprietary lease for repairing the leaks. The negligence claim was not duplicative of the contractual claim, because plaintiffs claimed that 40 East had independent legal duties stemming from Multiple Dwelling Law § 78(1) and Administrative Code of City of NY §§ 27-2005(a) and 27-2027(b) (see Gendell v 42 W.17th St. Hous. Corp., 193 AD3d 644, 644-645 [1st Dept 2021]; Duane Reade v SL Green Operating Partnership, LP, 30 AD3d 189, 190-191 [1st Dept 2006]).
Section 4(d) of the proprietary lease did not relieve 40 East of all liability. That section provided that, if plaintiffs' insurance policy covered damage for which 40 East would otherwise be liable and contained a waiver of subrogation against 40 East, then 40 East would be released from any liability with respect to such damage. However, plaintiffs' insurance policy did not contain such a waiver. Rather, the insurance policy provided [*2]only that plaintiffs "may waive in writing before a loss all rights of recovery against any person," with no indication as to whether they in fact did so (see Continental Ins. Co. v 115-123 W. 29th St. Owners Corp., 275 AD2d 604, 605 [1st Dept 2000]).
Section 4(b) of the proprietary lease required 40 East to provide a maintenance abatement in the event the apartment was rendered "partly or wholly untenantable," but did not limit recovery to such abatement. To the extent § 4(a) purported to exempt 40 East from liability for damages for certain types of injuries to property caused by its own negligence, it violated General Obligations Law § 5-321, which applies to proprietary leases for cooperative apartments (see N.A. v Hillcrest Owners Assn., Inc., 165 AD3d 1153, 1155 [2d Dept 2018]; Nolasco v Soho Plaza Corp., 129 AD3d 924, 925 [2d Dept 2015], lv dismissed 27 NY3d 1062 [2016]).
The damages award should not be reduced based on the trial court's dismissal of claims based on the presence of mold, fungus, or moisture due to plaintiffs' failure to present proof that the levels thereof "presented a danger to people residing at the premises . . . or warranted the destruction of property." Contrary to defendants' argument, the court did not award damages based on the presence of mold qua mold, but rather based on the presence of water, which caused mold as well as other types of damage. There is ample evidence of water intrusion in the record.
Attorneys' fees were properly awarded to plaintiffs, because they prevailed on their central claims, succeeded in getting defendants' counterclaim dismissed, and recovered substantial damages (see generally Board of Mgrs. of 55 Walker St. Condominium v Walker St., LLC, 6 AD3d 279, 280 [1st Dept 2004]; Mosesson v 288/98 W. End Tenants Corp., 294 AD2d 283, 284 [1st Dept 2002]).
The award of a maintenance abatement for loss of use of the kitchen was, however, improper because plaintiffs rejected 40 East's prior offer to provide a functioning kitchen (see Matter of 12-14 E. 64th Owners Corp. v Hixon, 130 AD3d 425, 426 [1st Dept 2015]).
The trial court did not improvidently exercise its discretion in declining to award interest on the maintenance abatement in view of the evidence that plaintiffs repeatedly failed to timely pay their maintenance (see generally Giaimo v Vitale, 101 AD3d 523, 526 [1st Dept 2012], lv denied 21 NY3d 865 [2013]; Matter of Levin & Glasser, P.C. v Kenmore Prop., LLC, 70 AD3d 443, 447 [1st Dept 2010]).
However, the interest on the award as a whole should have been calculated from accrual to verdict, and then on the composite sum from verdict to entry of judgment, rather than from accrual to entry of judgment (see CPLR 5001[c], 5002). The money in escrow, which represents unpaid maintenance for the period of 2005-2008, should also be released to plaintiffs in partial satisfaction of the judgment.
Penmark was properly found liable to 40 East on a contribution theory, because Penmark owed [*3]a contractual duty to 40 East to keep the building in good repair and the court could reasonably have concluded that Penmark breached this duty, having retained all of the relevant professionals and been involved in all of the relevant decision making, thereby contributing to plaintiffs' injuries (see Trustees of Columbia Univ. v Mitchell/Giurgola Assoc., 109 AD2d 449, 454 [1st Dept 1985]). However, Penmark may not be held liable for damages incurred after it was replaced as building manager on January 1, 2010 (see Massachusetts Bay Ins. Co. v Cisneros, 171 AD2d 544, 545 [1st Dept 1991]; Infante v Renaissance Assoc., 2013 NY Slip Op 31871[U], *3-4 [Sup Ct, NY County 2013]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 12, 2022