Rokof Assoc. v Village Place Corp. (2024 NY Slip Op 00821)

Rokof Assoc. v Village Place Corp.

2024 NY Slip Op 00821

Decided on February 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 15, 2024

Before: Manzanet-Daniels, J.P., Oing, Kapnick, Shulman, Pitt-Burke, JJ. 

Index No. . 154737/21 Appeal No. 1659 Case No. 2022-05689 

[*1]Rokof Associates, Plaintiff-Respondent,
v
Village Place Corp., et al., Defendants-Appellants. 

Braverman Greenspun P.C., New York (William J. Geller of counsel), for appellants.
Smith Buss & Jacobs, LLP, Yonkers (Jennifer L. Stewart of counsel), for respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about November 23, 2022, which, to the extent appealed from as limited by the briefs, denied defendants' motion pursuant to CPLR 3211 and 7804(f) to dismiss plaintiff's claims under CPLR article 78 and for breach of contract and breach of fiduciary duty, unanimously affirmed, with costs.
Defendants failed to meet their burden to establish that plaintiff lacked standing to bring the action in the form of a partnership (see e.g. Credit Suisse Fin. Corp. v Reskakis, 139 AD3d 509, 510 [1st Dept 2016]). CPLR 1025 expressly permits individuals, including plaintiff's members here, to sue or be sued together in the form of a partnership. Whether the partnership was the owner of the shares and proprietary lease for the commercial cooperative unit for the purposes of this action may be established via circumstantial evidence, which defendants have not utterly refuted at this stage (Credit Suisse Fin. Corp. v Reskakis, 139 AD3d at 510). Although defendants contend that plaintiff as a partnership has no privity of contract with the cooperative after transferring the shares and proprietary lease to its individual members, nothing in CPLR 1025 precludes those members from bringing this action in the name of the partnership, as it is not "a separately legal entity" but a procedural mechanism that does not affect any party's rights or liabilities (Vincent C. Alexander, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C1025:1).
The motion court correctly determined that plaintiff adequately pleaded its claims seeking relief under CPLR article 78 to reverse defendant cooperative's imposition of a purportedly unauthorized $500 per month "courtyard fee" and for breach of contract under the 2014 proprietary lease. Contrary to defendants' contention, nothing in the 2014 proprietary lease for the unit defeats plaintiff's assertion that the air conditioning condensers located in the courtyard adjacent to its unit are "appurtenances" which are "reasonably necessary to the full beneficial use and enjoyment of the property" (Second on Second CafÉ, Inc. v Hing Sing Trading, Inc., 66 AD3d 255, 267-268 [1st Dept 2009]; see also Canal Rubber Supply Co. Inc. v 6 Greene Realty Owner, LLC, 202 AD3d 616, 617 [1st Dept 2022]). The complaint adequately alleges that plaintiff's air conditioning condensers are appurtenances necessary for the use of the unit, which have been located in the cellar-level courtyard since at least 1994, and for which defendants are precluded from charging a "courtyard fee" as additional rent for their use under the 2014 proprietary lease.
The motion court also correctly sustained the cause of action for breach of fiduciary duty against the individual members of defendant cooperative's board of directors. The allegations in the complaint, as amplified by plaintiff's member's affidavit, adequately allege that individual board members improperly used their office to take board [*2]action for a noncorporate purpose, outside the scope of the board's authority, to deny plaintiff the use of a purported appurtenance to the unit (see e.g. Louis & Anne Abrons Found. v 29 E. 64th St. Corp., 297 AD2d 258, 260 [1st Dept 2002]; see also EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]). In addition, the breach of fiduciary duty claim is not duplicative of the breach of contract claim, because even if defendants ultimately establish that charging a "courtyard fee" is permissible under the 2014 proprietary lease, the question of whether defendants were permitted to charge plaintiff twice the rate paid by other shareholders states a separate claim, as "the board had a separate fiduciary duty to treat plaintiff fairly in applying the cooperative's rules and not to favor [one party] over [another]" (Fuisz v 6 E. 72nd St. Corp., 222 AD3d 402, 405 [1st Dept 2023]).
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2024