Schnitzler v 39 W. 87th St. Hous. Corp. (2024 NY Slip Op 50491(U))

[*1]

Schnitzler v 39 W. 87th St. Hous. Corp.

2024 NY Slip Op 50491(U)

Decided on April 26, 2024

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 26, 2024
Supreme Court, New York County

Rafael Schnitzler and HANNAH WELSCH, Plaintiffs,

against
39 West 87th Street Housing Corp., BETTINA BUSCHEL, RICHARD LEWIS, and MARGARET RILEY, Defendants.

Index No. 155890/2023

Alonso, Andalkar & Facher, P.C., New York, NY (Mark J. Alonso and Victoria Schwartz of counsel), for plaintiffs. 
Braverman Greenspun, P.C., New York, NY (Manu Leila Davidson of counsel), for defendants.

Gerald Lebovits, J.

This action arises from a dispute over use of the roof of a cooperative-owned building.
In July 2018, plaintiff, Rafael Schnitzler, entered into an agreement to purchase 20% of the shares in defendant 39 West 87th Street Housing Corp., a cooperative corporation, and to lease Unit 5 in the building. Schnitzler resides in Unit 5 with his spouse, plaintiff Hannah Welsch, and their children. (NYSCEF No. 1 at 2 [complaint].) Defendants Bettina Buschel, Richard Lewis, and Margaret Riley (the director defendants) also own shares in the co-op and serve on its board of directors. (Id. at 2.) Plaintiffs assert that under the lease agreement, they [*2]have an exclusive right to use and enjoy a portion of the roof appurtenant to their unit. (Id. at 5.) They also claim that 39 West failed to maintain the roof and later conducted repairs in a negligent manner, causing damages to plaintiffs' unit. (Id. at 4.)
Plaintiffs raise claims of negligence, breach of contract, interference with property rights, and constructive eviction against 39 West, and seek a declaratory judgment that they may use and have access to the roof. (Id. at 6.) Plaintiffs also raise a cause of action for breach of fiduciary duty and another cause of action for unlawful discrimination and retaliation against Buschel, Lewis, and Riley. 
Defendants move to dismiss the plaintiffs' complaint under 3211 (a) (1), (5), and (7). The motion is granted in part and denied in part. The court does not reach the parties' CPLR 3211 (a) (5) arguments.
DISCUSSION
As an initial matter, this court is not persuaded by defendants' argument that the complaint should be dismissed because its allegations are too vague and conclusory to give defendants notice of the occurrences underlying plaintiffs' claims. (See NYSCEF No. 30 at 1.) The complaint's allegations are sufficiently particular to satisfy the requirements of CPLR 3013. The court therefore proceeds to the CPLR 3211 analysis.
I. Plaintiffs' Claim for Negligence Against the Co-Op (First Cause of Action)
Plaintiffs allege that 39 West was negligent in maintaining the roof and that this resulted in monetary damages. (See NYSCEF No. 1 at 5.) Defendants argue that this claim essentially seeks damages for negligent performance of a contract, thereby duplicating plaintiffs' breach-of-contract claim. (See NYSCEF No. 30 at 3-4; Tr. at 4.)
A negligence claim is duplicative of a contract claim if the negligence claim "is merely a restatement, albeit in slightly different language, of the 'implied' contractual obligations asserted in the cause of action for breach of contract." (Clark-Fitzpatrick, Inc. v Long Is. R. Co., 70 NY2d 382, 390 [1987].) Here, plaintiffs' negligence claim is not duplicative. A landlord's duty to maintain the roof is separate from its contractual obligation under the lease to do so. (Gendell v 42 W. 17th St. Hous. Corp., 193 AD3d 644, 644-645 [1st Dept 2021] [noting that a landlord has "a nondelegable duty to maintain the roof in good repair, independent of the parties' respective obligations under the terms of the proprietary lease"].) Moreover, plaintiffs adequately allege that 39 West has failed, since 2018, to maintain the roof and properly address roof leaks. (See NYSCEF No. 1 at 5; NYSCEF No. 33 at 11, 16.) 
As for defendants' argument that plaintiffs' negligence claim is too premature to be adjudicated, the court disagrees.[FN1]
Even if, as defendants argue, repairs are ongoing, that does not take away from plaintiffs' claim that plaintiffs incurred damages before 39 West started making repairs and that 39 West has been incorrectly making those repairs. (See NYSCEF No. 95 at 10.)
Defendants' motion to dismiss plaintiffs' negligence claim is denied.[FN2]

[*3]II. Plaintiff's Breach-of-Contract Claim against the Co-Op (Second Cause of Action)
The elements of a breach-of-contract claim are that "(1) a contract exists; (2) plaintiff performed in accordance with the contract; (3) defendant breached its contractual obligations; and (4) defendant's breach resulted in damages." (34-06 73, LLC v Seneca Ins. Co., 39 NY3d 44, 52 [2022] [internal citations omitted].)
Defendants argue that the lease does not give plaintiffs exclusive roof rights (id. at 6-7) and that the claim is time-barred under CPLR 217 (1). (Id. at 8-9.) Plaintiffs assert that their lease confers a right to use and enjoy the roof and that 39 West breached its duty to maintain the roof and its entryway. (See NYSCEF No. 1 at 5-6; Tr. at 19.)
A. Plaintiffs' Roof Rights Under the Lease
In asserting its breach-of-contract claim, plaintiffs allege that the "Proprietary Lease grants the Plaintiffs the right to use and enjoy that portion of the roof appurtenant to Unit 5." (NYSCEF No. 1 at 5.) But plaintiffs have not identified a provision of the lease that establishes what, if any, roof rights are appurtenant to Unit 5. One lease provision—which plaintiffs highlight in their complaint—defines "apartment" as "rooms in the building as partitioned . . . designated by the above stated apartment number together with their appurtenances and fixtures and any closets, terraces, balconies, roof, or portion thereof outside of said partitioned rooms, which are allocated exclusively to the occupant of the apartment." (NYSCEF No. 35 at 1.) Another provision provides that "[i]f the apartment includes a terrace, balcony, or a portion of the roof adjoining a penthouse, the Lessee shall have and enjoy the exclusive use of the terrace or balcony or that portion of the roof appurtenant to the penthouse." (Id. at 7.) This latter provision seems to imply that the penthouse owner would have appurtenant roof rights. But plaintiffs have not established that the unit is a penthouse. Therefore, neither provision establishes that plaintiffs' unit has appurtenant roof rights.[FN3]
Given that plaintiffs point to no other agreement to establish their breach-of-contract claim, the motion to dismiss this aspect of the [*4]breach-of-contract claim is granted. In turn, the court does not reach defendants' arguments under CPLR 3211 (a) (1).
B. Duty to Maintain the Roof
The lease agreement between plaintiffs and 39 West outlines 39 West's duty to keep Unit 5 in good repair. (NYSCEF Nos. 1 at 3-4, 35 at 37-38.) Plaintiffs allege that although Schnitzler reported to defendants as early as October 2018 that the roof was leaking into plaintiffs' unit, 39 West did not attempt to repair the roof until April 2022. According to plaintiffs, the leaks damaged plaintiffs' unit and forced plaintiffs and their children to vacate the apartment by February 2022. (NYSCEF No. 33 at 11-14.) Schnitzler notes in his affidavit in opposition that even after 39 West's April 2022 repairs, the leaks persisted. (Id. at 14.) According to Schnitzler, 39 West's "insurer refused to cover the loss or damage or repairs on the ground that conditions were caused by the Corporation's longstanding neglect of the roof, not by an insurable event." (Id. at 14.)
Schnitzler's allegations make out a cause of action. The motion to dismiss this branch of plaintiffs' breach-of-contract claim (second cause of action) is denied. 
III. Declaratory Judgment (Third Cause of Action) and Injunctive Relief (Fourth Cause of Action)
Plaintiffs seek a judicial declaration that plaintiffs may use and access the roof (NYSCEF No. 1 at 6) and an "injunction preventing [39 West] from interfering with the rights of the Plaintiffs to the use and enjoyment of the roof." (Id. at 7.) The court concludes that plaintiffs are not entitled to these forms of relief, given the court's conclusion above that plaintiffs have not established their right under the lease to use the roof. The court need not reach defendants' alternative request for a declaration "that the Plaintiffs are not entitled to use and access the roof or install any structures on [39 West's] roof without the Corporation's consent" or defendants' argument that 39 West has a revocable license for the roof. (NYSCEF No. 30 at 10.)
The motion to dismiss the third and fourth causes of action is granted.
IV. Breach of Fiduciary Duty against the Defendant Directors (Fifth Cause of Action)
Defendants argue that plaintiffs have not alleged how the director defendants acted tortiously "apart from their collective actions as members of the Board" and therefore that plaintiffs' claim for breach of fiduciary duty against the director defendants should be dismissed. (NYSCEF No. 30 at 13.) Defendants are correct.
Although plaintiffs allege that the board members, "and each of them" (NYSCEF No. 1 at 7-8), breached their fiduciary duties, plaintiffs do "not allege that any of the individual board members committed an independent wrong that was distinct from the actions taken as a board collectively." (Hersh v One Fifth Ave. Apt. Corp., 163 AD3d 500, 500 [1st Dept 2018]; cf. Rokof Assoc. v Village Place Corp., 2024 NY Slip Op 00821, *1-2 [1st Dept 2024] ["The allegations in the complaint, as amplified by plaintiff's member's affidavit, adequately allege that individual board members improperly used their office to take board action for a noncorporate purpose, outside the scope of the board's authority, to deny plaintiff the use of a purported appurtenance to the unit."].)
The court does not reach defendants' argument that the business-judgment rule protects the board members' actions. Even though "allegations of unequal treatment of shareholders may be sufficient to overcome the protection afforded directors under the business judgment rule, individual directors may not be subject to liability absent allegations that they committed separate tortious acts." (Stalker v Stewart Tenants Corp., 93 AD3d 550, 552, [1st Dept 2012].)
The motion to dismiss the fifth cause of action is granted.
V. Unlawful Discrimination and Retaliation against the Defendant Directors (Sixth Cause of Action)
In their complaint, plaintiffs allege that director defendants Buschel, Lewis, and Riley discriminated against plaintiffs based on familial status, race, and national origin, and that these defendants "have taken harmful actions against Plaintiffs in retaliation for Plaintiffs' making of good faith complaints and requests and attempting to protect their contractual and other rights." (NYSCEF No. 1 at 9.) But plaintiffs provide no basis to assert that these defendants treated plaintiffs differently based on family status, national origin, or race. In their opposition papers, plaintiffs argue merely that they were the only tenants with children in the building with children and were the only tenants who are Hispanic. (See NYSCEF No. 95 at 11.) Plaintiffs do not allege, or sufficiently argue, that "defendants took actions against them . . . on the basis of their membership in the protected class," (Gutierrez v McGrath Mgt. Services, Inc., 152 AD3d 498, 501 [2d Dept 2017]), or that Buschel, Lewis, or Riley retaliated against them in response to plaintiffs' complaints of discriminatory treatment.
The motion to dismiss the fifth and sixth causes of action is granted.
VI. Constructive Eviction against the Co-Op (Seventh Cause of Action)
Plaintiffs claim that the roof leaks left their unit uninhabitable and therefore they needed to vacate the unit. (NYSCEF No. 1 at 10.) Plaintiffs contend that they were constructively evicted. Tenants are constructively evicted if they are "unable to use the area for the purpose intended" even if they are "not physically barred from the area in question." (Dinicu v Groff Studios Corp., 257 AD2d 218, 224 [1st Dept 1999].) A plaintiff need not show "physical ouster." (Id.) Alleging "abandonment of the premises under pressure is sufficient." (Id.)
Defendants argue that plaintiffs moved out of the apartment in anticipation of renovations plaintiffs were making to their unit. Defendants submit an email they received from Schnitzler to that effect. (See NYSCEF No. 119.) But plaintiffs' claims that persistent roof leaks resulted in mold, and that Schnitzler reported the leaks to defendants, support plaintiffs' claim that plaintiffs left the apartment due to the leaks. (NYSCEF Nos. 69, 73, 77.) Even assuming the email qualifies as documentary evidence, it does not conclusively refute plaintiffs' constructive-eviction claim. (See CPLR 3211 [a] [1].)
Defendants' motion to dismiss the seventh cause of action is denied.
Accordingly, it is
ORDERED that defendants' motion to dismiss the cause of action for negligence against 39 West is denied; and it is further
ORDERED that defendants' motion to dismiss plaintiffs' cause of action for breach of contract against 39 West is granted to the extent the court concludes that plaintiffs have not established their entitlement to roof rights under the proprietary lease, and is otherwise denied; [*5]and it is further
ORDERED that defendants' motion to dismiss plaintiffs' cause of action for a declaratory judgment against 39 West is granted; and it is further
ORDERED that defendants' motion to dismiss plaintiffs' cause of action for injunctive relief against 39 West is granted; and it is further
ORDERED that defendants' motion to dismiss plaintiffs' cause of action for breach of fiduciary duty against Buschel, Lewis, and Riley as members of the board of directors of 39 West is granted; and it is further
ORDERED that defendants' motion to dismiss plaintiffs' cause of action discrimination and retaliation against Buschel, Lewis, and Riley as members of the board of directors of 39 West is granted; and it is further
ORDERED that defendants' motion to dismiss plaintiffs' cause of action for constructive eviction against 39 West is denied; and it is further
ORDERED that the balance of the claims in this action are severed and shall continue; and it is further
ORDERED that defendants serve a copy of this order with notice of its entry on all parties and on the office of the County Clerk (by the means set forth in the court's e-filing protocol, available on the e-filing page of the court's website, https://ww2.nycourts.gov/courts/1jd/supctmanh/E-Filing.shtml), which shall enter judgment accordingly.
DATE 4/26/2024

Footnotes

Footnote 1:Defendants make the same unavailing argument on the breach-of-contract claim.

Footnote 2:Defendants argue in the context of the fifth cause of action (breach of fiduciary duty) that the directors' decisions about "the means and methods employed in performing repairs are insufficient to overcome the business judgment rule." (NYSCEF No. 30 at 16.) Plaintiffs argue in response that the "business judgment rule does not insulate against unworkmanlike repairs" and thus that the corporation would still be liable on the cause of action for negligence. (NYSCEF No. 95 at 7.) Because defendants raise the business-judgment rule as to the breach of fiduciary claim only, the court will consider it when it analyzes that claim. Moreover, to the extent that defendant may assert that the business judgement rule protects the corporation from the breach-of-contract claim, the court concludes otherwise. (See Whalen v 50 Sutton Place S. Owners, Inc., 276 AD2d 356, 357 [1st Dept 2000] ["[W]hile it may be good business judgment to walk away from a contract, this is no defense to a breach of contract claim."] [internal quotation marks omitted].)

Footnote 3:The court agrees that Schnitzler's negotiations with the board to purchase roof rights to make an addition to his unit undermines plaintiffs' assertion that they obtained roof rights in connection with the purchase of cooperative shares. (NYSCEF No. 30 at 8.) The court does not reach defendants' argument that a challenge to the board's refusal to sell roof rights is untimely under CPLR 217 (1). (Id. at 9.)