■ LEONARDO CRUZ et al., Respondents, v HSS PROPERTIES CORPORATION, Appellant. [766 NYS2d 835] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered on or about October 29, 2002, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff Leonardo Cruz, an employee hired by nonparty Hospital for Special Surgery, was injured while working as a custodian at a residence for hospital staff owned by defendant HSS Properties Corporation. It is unclear, however, whether plaintiff's immediate supervisors were employed by defendant or by the Hospital. For the purpose of restricting plaintiff to his remedies under the Workers' Compensation Law, it has not been established, as a matter of law, that plaintiff was transferred to the service of defendant by the Hospital or that defendant assumed control over plaintiff (Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557 [1991]; Gonzalez v John B. Lovett Assoc., 228 AD2d 342, 343 [1996]). While an employee may be deemed to have more than one employer for statutory purposes (Di Rie v Automotive Realty Corp., 199 AD2d 98 [1993]; Bradford v Air La Carte, 79 AD2d 553 [1980]), defendant has not demonstrated that the various corporate entities comprising the hospital organization should be treated

as a single employer (*cf. Ramnarine v Memorial Ctr. for Cancer & Allied Diseases*, 281 AD2d 218, 219 [2001]). Concur—Andrias, J.P., Saxe, Williams, Marlow and Gonzalez, JJ.