■ TEDDY SMITH et al., Plaintiffs, v 21 WEST LLC LIMITED LIABILITY COMPANY, Respondent, and BRAVO DEMOLITION CORP., Appellant. [816 NYS2d 23]—

Order, Supreme Court, New York County (Carol E. Huff, J.), entered July 14, 2005, which, after a framed issue hearing, inter alia, denied defendant Bravo's motion for summary judgment dismissing defendant 21 West's cross claims for contribution and common-law and contractual indemnification, unanimously affirmed, with costs.

Bravo failed to establish as a matter of law that plaintiff was its employee or that it was working as a joint venture with a third-party corporation not sued herein. Thus, 21 West's cross claims for contribution and indemnification were not barred by Workers' Compensation Law § 11 (see Cruz v HSS Props. Corp., 309 AD2d 720 [2003]; Mitchell v A.F. Roosevelt Ave. Corp., 207 AD2d 388 [1994]).

Moreover, Bravo failed to demonstrate as a matter of law that it had insufficient control and supervision over the work to be held liable in negligence. Nor did it demonstrate any supervision and control of 21 West, thereby precluding it from summary judgment dismissing 21 West's claims for contribution and indemnification (see Fraioli v St. Joseph's Seminary of City of N.Y., 1 AD3d 280 [2003]). Additionally, the parties' objective conduct clearly manifested an intent to be bound by the unsigned contract, which had been negotiated by representatives of both parties. Bravo had commenced work under the contract and obtained an insurance certificate as required therein, thus precluding dismissal of 21 West's cross claims for contractual indemnification (see Brown Bros. Elec. Contrs. v Beam Constr. Corp., 41 NY2d 397 [1977]). Concur—Buckley, P.J., Saxe, Nardelli, Gonzalez and Catterson, JJ.