Balbuena v 395 Hudson N.Y., LLC (2023 NY Slip Op 01737)

Balbuena v 395 Hudson N.Y., LLC

2023 NY Slip Op 01737

Decided on March 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 30, 2023

Before: Renwick, A.P.J., Gesmer, Singh, González, Scarpulla, JJ. 

Index No. 151031/14 Appeal No. 17599 Case No. 2022-00760 

[*1]Celsa Balbuena, Plaintiff-Respondent-Appellant,
v
395 Hudson New York, LLC, Defendant-Respondent-Appellant, MBI Group, Defendant-Appellant-Respondent.
395 Hudson New York, LLC, Third-Party Plaintiff-Respondent-Appellant, Collins Building Services, Inc., Third-Party Defendant-Respondent.

Law Office of Eric D. Feldman, New York (Michael J. Kozoriz of counsel), for appellant-respondent.
Lesch & Lesch, P.C., Bronx (Beth S. Gereg of counsel), for Celsa Balbuena, respondent-appellant.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for 395 Hudson New York, LLC, respondent-appellant.
Chalos & Co, P.C., Oyster Bay (Briton P. Sparkman of counsel), for Collins Building Services, Inc., respondent.

Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered on or about January 12, 2022, which, to the extent appealed from as limited by the briefs, denied so much of defendant MBI Group's (MBI) motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against it and granted so much of the motion as sought dismissal of the Labor Law § 241(6) claim as against it, and granted defendant 395 Hudson New York, LLC's (Hudson) motion for summary judgment dismissing the Labor Law §§ 200 and 241(6) and common-law negligence claims as against it, unanimously modified, on the law, to reinstate the Labor Law § 200 and common-law negligence claims as against Hudson, the matter remanded to Supreme Court for a determination of the branches of Hudson's motion seeking to amend its pleadings and for summary judgment on its cross claims and third-party claims against MBI and third-party defendant Collins Building Services, Inc. (Collins), and otherwise affirmed, without costs.
Plaintiff claims that she tripped and fell on uneven Masonite boards laid on the ninth floor of the building in which she was working as a cleaner. Hudson owned the building, and its property manager retained MBI to perform renovation work on the ninth floor. As part of its work, MBI placed the Masonite boards on the hallway floor to protect the carpeting. Plaintiff was employed by Collins, which provided janitorial services to the building. According to plaintiff, shortly before the accident, an individual who she thought was a construction worker directed her to clean up construction debris. Plaintiff claims she tripped and fell on a Masonite board that was raised about two inches while she was picking up debris. A security guard employed by defendants, however, testified that plaintiff tripped while following him down the hall towards an office area, after he told her that office garbage had not been collected.
The court correctly denied MBI's motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against it. Where, as here, the accident was caused by a defective premises condition, rather than the method or manner in which work was performed, liability depends on whether the owner or contractor created or had actual or constructive notice of the hazardous condition (see Bayo v 626 Sutter Ave. Assoc., LLC, 106 AD3d 648, 648 [1st Dept 2013]; Rodriguez v Dormitory Auth. of the State of N.Y., 104 AD3d 529, 530 [1st Dept 2013]). MBI, as the entity that placed the Masonite boards on the floor, failed to meet its burden of showing that it did not create the dangerous condition that caused plaintiff's injuries. Because the accident arose from a defective premises condition, whether it was MBI or Collins that was supervising plaintiff's work at the time of the accident is irrelevant (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). MBI's argument that plaintiff does not fall [*2]within the class of workers protected by the Labor Law is unavailing because, unlike Labor Law §§ 240(1) or 241(6), the protection afforded under Labor Law § 200 is not limited to those injured in the performance of construction work (see Jock v Fien, 80 NY2d 965, 967 [1992]; Agli v Turner Constr. Co., 246 AD2d 16, 24 [1st Dept 1998]).
Hudson's motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against it should have been denied. Hudson, whose property manager testified that he conducted daily inspections of the floor where construction was being performed, failed to make out a prima facie case that it did not have actual or constructive notice of the boards' misleveled edges (see Bayo, 106 AD3d at 648; Rodriguez, 104 AD3d at 530).
The court correctly dismissed plaintiff's Labor Law § 246(1) claim as to both MBI and Hudson, since plaintiff was not a protected worker under the statute (see Jock, 80 NY2d at 967; Agli, 246 AD2d at 24). To the extent that plaintiff could be considered a protected worker, for which there is no evidence beyond plaintiff's own equivocal testimony, the Masonite boards were an integral part of the construction work and did not constitute a tripping hazard under Industrial Code (12 NYCRR) § 23-1.7(e)(1) (see Bazdaric v Almah Partners LLC, 203 AD3d 643, 645 [1st Dept 2022]; Murphy v Schimenti Constr. Co., LLC, 204 AD3d 573, 574 [1st Dept 2022]).
In light of our reinstatement of the Labor Law § 200 and common-law negligence claims against Hudson, we remand the matter to the motion court for a determination of the branches of Hudson's motion seeking to amend its pleadings and for summary judgment on its indemnification and breach of contract cross claims and third-party claims against MBI and Collins.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2023