Cavedo v Flushing Commons Prop. Owner, LLC (2023 NY Slip Op 03401)

Cavedo v Flushing Commons Prop. Owner, LLC

2023 NY Slip Op 03401

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023

Before: Kern, J.P., Friedman, Mendez, Rodriguez, JJ. 

Index No. 151350/17 Appeal No. 528 Case No. 2022-01612 

[*1]Carlos Cavedo, Plaintiff-Respondent,
v
Flushing Commons Property Owner, LLC, et al., Defendants-Appellants. [And A Third-Party Action]

Shaub Ahmuty Citrin & Spratt, LLP, Lake Success (Jonathan Shaub of counsel), for appellants.
The Platta Law Firm, PLLC, New York (Michael L. Taub of counsel), for respondent.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered on or about March 24, 2022, which, to the extent appealed from, denied in part defendants' motion for summary judgment dismissing the complaint and granted plaintiff's motion for partial summary judgment on his Labor Law § 241 (6) claim predicated on Industrial Code (12 NYCRR) § 23-1.7 (e) (1), unanimously modified, on the law, to deny plaintiff's motion, and otherwise affirmed, without costs.
Defendants, owner and general contractor, did not establish prima facie entitlement to summary judgment dismissing plaintiff's common-law negligence and Labor Law § 200 claims based upon plaintiff's equivocal deposition testimony that his workspace "seemed" clean at the time he began his hallway compound work just two hours before he tripped and fell over discarded cardboard box straps located on the floor in the hallway. Plaintiff's fall occurred approximately 30 to 40 feet down the hallway from where he was working; just prior to his fall, he was headed to an apartment where additional construction supplies were stored. Defendants offered no evidence from their personnel as to when this area of the hallway was last inspected and/or cleaned of all debris (see e.g. Pereira v New Sch., 148 AD3d 410, 412-413 [1st Dept 2017]). While defendants rely upon plaintiff's statements that the hallway "seemed" clean after the general contractor's laborers conducted some cleaning of the hallway prior to plaintiff commencing his work, such statements on this record are insufficient to establish that defendants lacked actual or constructive notice of the alleged hazardous debris condition (see Balbuena v 395 Hudson N.Y., LLC, 214 AD3d 586, 587-588 [1st Dept 2023]). Even assuming that defendants satisfied their prima facie burden that plaintiff's worksite was cleaned by the general contractor's employees approximately two hours before his accident, plaintiff's testimony and photographic evidence raised triable issues as to whether the general contractor's laborers adequately cleaned the debris from plaintiff's work area.
While defendants had a nondelegable duty to maintain the construction premises in a safe condition, and could be held vicariously liable for the negligent acts of others that proximately cause injury to another on the work site, factual issues nonetheless remain as to whether someone in the chain of responsible employees on the construction project had actual or constructive notice of the alleged hazardous condition that caused plaintiff's trip and
fall, warranting denial of plaintiff's motion for partial summary judgment on his Labor Law § 241 (6) claim (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 348-350 [1998]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2023