| **Godlewski v Park Seventy-Ninth Corp.** |
|:---:|
| 2025 NY Slip Op 31140(U) |
| April 7, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 154786/2019 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. PAUL A. GOETZ**                              PART            47
                                                    *Justice*

-------------------------------------------------------------------------------X

MICHAL GODLEWSKI,                              **INDEX NO.**        154786/2019

                              Plaintiff,                          04/25/2024,
                                                                  04/25/2024,
              -against-                        **MOTION DATE**     04/25/2024

PARK SEVENTY-NINTH CORP. and CLARK             **MOTION SEQ. NO.**  006 007 008
CONSTRUCTION CORPORATION,

                              Defendants.      **DECISION + ORDER ON**
                                               **MOTION**
-------------------------------------------------------------------------------X

CLARK CONSTRUCTION CORPORATION,                          Third-Party
                                                  Index No.  595747/2019
                 Third-Party Plaintiff,

              -against-

MARBLE AND STONE CREATIONS, INC. d/b/a GREGORY
MULLER ASSOCIATES,

                 Third-Party Defendant.
-------------------------------------------------------------------------------X

SCOTT SHLEIFER and ELENA SHLEIFER,                    Second Third-Party
                                                  Index No.  596026/2019
                 Second Third-Party Plaintiffs,

              -against-

MARBLE AND STONE CREATIONS, INC. d/b/a GREGORY
MULLER ASSOCIATES,

                 Second Third-Party Defendant.
-------------------------------------------------------------------------------X

PARK SEVENTY-NINTH CORP.,                              Third Third-Party
                                                  Index No.  596047/2021
                 Third Third-Party Plaintiff,

              -against-

CLARK CONSTRUCTION CORPORATION, SCOTT
SHLEIFER AND ELENA SCHLEIFER, LSS HOMESTEAD LLC,
and MARBLE AND STONE CREATIONS, INC. d/b/a
GREGORY MULLER ASSOCIATES,

**154786/2019   GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**          **Page 1 of 26**
**Motion No.  006 007 008**

[* 1]



Third Third-Party Defendants.

----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 006) 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 293, 294, 299, 302, 306, 307, 308, 309, 318, 319, 320, 321, 326, 332, 333, 334

were read on this motion for                    SUMMARY JUDGMENT                    .

The following e-filed documents, listed by NYSCEF document number (Motion 007) 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 292, 295, 300, 303, 310, 311, 312, 313, 322, 323, 328, 329, 330, 331

were read on this motion for                    SUMMARY JUDGMENT                    .

The following e-filed documents, listed by NYSCEF document number (Motion 008) 288, 289, 290, 291, 296, 301, 304, 314, 315, 316, 317, 324, 325, 327

were read on this motion for                    SUMMARY JUDGMENT                    .

In this Labor Law personal injury action arising from plaintiff's trip and fall over a raised/broken piece of Masonite, plaintiff asserts violations of Labor Law §§ 200 and 241(6) and common law negligence.

Third-party defendant/second third-party defendant/third third-party defendant Marble and Stone Creations, Inc. d/b/a Gregory Muller Associates (M&S) moves, pursuant to CPLR §§ 3211 and 3212, for summary judgment dismissing the complaint, crossclaims, and third-party claims as against it (MS #6).

Defendant/third-party plaintiff/third third-party defendant Clark Construction Corporation (Clark), second third-party plaintiffs/third third-party defendants Scott Shleifer and Elena Shleifer (together, the Shleifers), and third third-party defendant LSS Homestead LLC (LSS) (collectively, the Clark defendants) move, pursuant to CPLR § 3212, for summary judgment dismissing the complaint, crossclaims, counterclaims, and third-party claims against them. The Clark defendants also move for summary judgment on their contractual indemnification claims as against M&S (MS #7).

**154786/2019   GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**                    **Page 2 of 26**
 **Motion No.  006 007 008**

2 of 26

Defendant/third third-party plaintiff Park Seventy-Ninth Corp. (Park) moves, pursuant to CPLR § 3212, for summary judgment on its contractual indemnification claims as against the Shleifers and M&S (MS #8).

## BACKGROUND

This action arises out of a work-related accident that occurred on October 7, 2016 at a residential cooperative building located at 895 Park Avenue in Manhattan (the premises) (NYSCEF Doc No 251, verified amended complaint ¶¶ 3, 13-19; NYSCEF Doc No 260, Smith tr at 9). The building is owned by Park (NYSCEF Doc No 251 ¶ 3). The shares assigned to Apartment 14A are jointly owned by the Shleifers (NYSCEF Doc No 134, Shleifer aff ¶ 4). LSS[1] retained Clark to renovate Apartment 14A/15A, a duplex residential apartment consisting of rooms on the 14th and 15th floors of the premises (NYSCEF Doc No 283). Clark, in turn, hired M&S, a company which fabricates and installs stone, to complete work in the bathrooms, kitchen, stairs, and library of the apartment (the project) (NYSCEF Doc No 284).

Plaintiff testified that he was a manager and foreman for M&S[2] (NYSCEF Doc No 256, plaintiff tr at 17-18). Plaintiff had been working on the premises for about four or five months, and had been to the library many times before, as M&S was to furnish and install a fireplace there (id. at 30). Plaintiff testified that there were sheets of Masonite covering the hardwood floors to protect it against damage and scratches (id. at 31-32). He stated that each sheet of Masonite was about 48 inches by 48 inches in size, and the sheets were secured to the floor with tape (id. at 33, 34).

---

[1] LSS states that it is "merely an entity the Shleifers used to contract with Clark for the subject work" (NYSCEF Doc No 195 [also noting Elena Shleifer is the sole member of LSS]).
[2] The parties dispute whether plaintiff was an employee of M&S.

**154786/2019   GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**                    **Page 3 of 26**
  **Motion No.  006 007 008**

M&S fabricated a mantel in its shop and then brought it to the premises for installation (*id.* at 52). The mantel was about 55 inches high, 60 inches wide, and four or five inches deep, and weighed between 200 and 400 pounds (*id.* at 52-53). The mantel had been transported to the site by truck and was moved to the apartment through a small elevator (*id.* at 54, 55). Plaintiff testified that he asked Eric Hoffman, a project executive for Clark, if the workers could roll the mantel from the kitchen to the library on a cart, but Hoffman "said no because there could be damage"; "there were too many things spread around" and "too many people," so they "couldn't roll it on wheels" (*id.* at 54-56). Plaintiff testified that he had previously made complaints about the work area because their materials were often damaged, "[i]t was like a small zoo," and "[e]verybody was trying to finish their work as fast as possible [due to] pressure from the construction company" (*id.* at 62).

Plaintiff testified that he and the other workers picked up the mantel to carry it to the library, with two workers on either side, and they had "belts for carrying things like that [that] were tied around the mantel so they could carry it" (*id.* at 57). He testified that, as they were carrying the fireplace through a doorway when his left foot "tripped on something," causing him to fall and land on his back and left side on the Masonite covering the floor in the library (*id.* at 73-76). Plaintiff had not observed it before the fall, but the Masonite was "raised up a little and slightly broken where the two pieces of Masonite came together" (*id.* at 77-78). After he fell, plaintiff sat for a while and then went to a pharmacy to get pain medication and a cold patch (*id.* at 79). Plaintiff told his boss about his accident the following week (*id.* at 83-84). Hoffman testified that Clark, his employer, was the general contractor responsible for hiring the trades and overseeing the work and site safety (NYSCEF Doc No 258, Hoffman tr at at 21, 22). Hoffman stated that he was in charge of project management teams who work in the field and oversaw the

**154786/2019   GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**
**Motion No.  006 007 008**

**Page 4 of 26**

4 of 26

project; he was on site daily but not for the entire day (*id.* at 9-10, 17, 50). In October 2016, the project was about two-thirds complete (*id.* at 43). Clark's laborers installed the Masonite boards (*id.* at 68). According to Hoffman, first a layer of paper was taped down to the floor, which was covered by a layer of Homasote, then Masonite was placed on top (*id.* at 70). He stated that all of the edges and joints of Masonite were taped together to prevent dust from entering the layers (*id.*). Hoffman testified that Clark's project manager, project supervisor, project coordinator, and foreman were responsible for ensuring that the Masonite boards were installed safely and properly (*id.*). Clark's foreman, Frank Douglas, inspected the site daily, but he did not keep any records of the inspections (*id.* at 72-73).

Harrison Muller, M&S's vice president, testified that he was present at the site at least once per week (NYSCEF Doc No 259, Muller tr at 24, 45). Muller stated that plaintiff was M&S's subcontractor, but that he later "put [plaintiff] under his worker's compensation" insurance (*id.* at 52-53, 76-77). Plaintiff went to the job each morning to monitor the progress of the work and then reported to Muller (*id.* at 54). Muller further testified that plaintiff supervised the stonework installations but did not perform this work himself (*id.*). Plaintiff told Muller that he was injured while lifting a fireplace and had strained a muscle in his neck or back (*id.* at 60, 63-64). Muller did not remember if Masonite was being used on the project (*id.* at 69).

## PROCEDURAL HISTORY

Plaintiff commenced this action on May 9, 2019 against Park, Clark, and the Shleifers, alleging violations of Labor Law §§ 200, 240, and 241 (6) and common law negligence (NYSCEF Doc No 1).

**154786/2019   GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**          **Page 5 of 26**
**Motion No.  006 007 008**

5 of 26

Clark impleaded M&S, asserting the following causes of action: (1) common law indemnification; (2) common law contribution; (3) contractual indemnification; and (4) breach of contract for failure to procure insurance (NYSCEF Doc No 24).

The Shleifers also brought a third-party action against M&S, seeking: (1) contractual indemnification; (2) common law indemnification; (3) contribution; (4) damages for breach of contract; and (5) defense and indemnification (NYSCEF Doc No 35).

By decision and order dated April 27, 2020, plaintiff's motion for a default judgment as against Park was granted (*Godlewski v Park Seventy-Ninth Corp.*, 2020 NY Misc LEXIS 9275, *1-3 [SC NY Co 2020], *rearg denied* 2020 NY Misc LEXIS 47406, *1 [SC NY Co 2020], *affd* 194 AD3d 569 [1st Dept 2021]).

The Shleifers previously moved for summary judgment dismissing the complaint and any crossclaims/counterclaims asserted against them. By decision and order dated October 5, 2021, the Shleifers' motion was granted because "movants have demonstrated that they are exempt from liability under the homeowner's exemption of the Labor Law and the statements in plaintiff's affidavit in opposition, even if true, are insufficient to cast them in Labor Law liability" (*Godlewski v Park Seventy-Ninth Corp.*, 2021 NY Misc LEXIS 56097, *1 [SC NY Co 2021]).

Park brought a third third-party action against Clark, the Shleifers, LSS, and M&S, asserting claims for contractual indemnification, common law indemnification and contribution, and breach of contract (NYSCEF Doc No 161).

The Shleifers then moved to dismiss the third third-party complaint based on collateral estoppel, res judicata, and law of the case. By decision and order dated June 17, 2022, the motion was denied since "these claims were never adjudicated in the Schleifers' prior motion for

**154786/2019  GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**
**Motion No.  006 007 008**

**Page 6 of 26**

summary judgment because Park Seventy-Ninth Corp. was already in default and its answer with cross-claims was deemed a nullity" (NYSCEF Doc No 214).

As relevant here, LSS asserted a crossclaim for contractual indemnification against M&S (NYSCEF Doc No 216).

## DISCUSSION

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action" (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility" (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of

**154786/2019   GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**
**Motion No.  006 007 008**

**Page 7 of 26**

fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

**Labor Law § 240(1)**

At the outset, in response to M&S and the Clark defendants' motions, plaintiff does not advance any arguments as to how Labor Law § 240(1) applies to the facts.[3]  Therefore, this claim will be deemed abandoned (*see Murphy v Schimenti Constr. Co., LLC*, 204 AD3d 573, 574 [1st Dept 2022]). Accordingly, the parts of M&S's (MS #6) and Clark's (MS #7) motions for summary judgment seeking dismissal of plaintiff's Labor Law § 240(1) claim will be granted.

**Labor Law § 241(6)**

"Labor Law § 241(6) imposes a non-delegable duty on owners and contractors to provide reasonable and adequate protection and safety" (*Toussaint v Port Auth. of New York and New Jersey*, 38 NY3d 89, 93 [2022] [internal citations omitted]) "to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (*Ochoa v JEM Real Estate Co., LLC*, 223 AD3d 747, 749 [2nd Dept 2024]). "To sustain a cause of action pursuant to Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code regulation that is applicable to the circumstances of the accident" (*id.*). "[A]n owner or general contractor is vicariously liable without regard to their fault, and even in the absence of control or supervision of the worksite, where a plaintiff establishes a violation of a specific and applicable Industrial Code regulation" (*Bazdaric v Almah Partners LLC*, 41 NY3d 310, 317 [2024] [internal quotation marks and citations omitted]).  "The Code regulation must constitute a specific, positive command, not one

---

[3] Plaintiff's memorandum of law only includes a general statement indicating that he opposes dismissal of this claim (NYSCEF Doc No 307 ¶ 1).

**154786/2019   GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**                    **Page 8 of 26**
 **Motion No.  006 007 008**

[* 8]

that merely reiterate[s] the common-law standard of negligence" (*Buckley v Columbia Grammar & Preparatory*, 44 AD3d 263, 271 [1st Dept 2007], *lv denied* 10 NY3d 710 [2008]).

On the instant motions, plaintiff only addresses 12 NYCRR 23-1.7(e)(1) and (e)(2) in support of his Labor Law § 241(6) cause of action. Therefore, plaintiff abandoned any remaining provisions of the Industrial Code cited in his bill of particulars (*Kempisty v 246 Spring St., LLC*, 92 AD3d 474, 475 [1st Dept 2012] ["Where a defendant so moves, it is appropriate to find that a plaintiff who fails to respond to allegations that a certain section is inapplicable or was not violated be deemed to abandon reliance on that particular Industrial Code section."]).

Section 23-1.7 provides:

(e) Tripping and other hazards.

> (1)    Passageways. All passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping. Sharp projections which could cut or puncture any person shall be removed or covered.

> (2)    Working areas. The parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed.

(12 NYCRR 23-1.7[e]).  Sections 23-1.7(e)(1) and (e)(2) are sufficiently specific to support a claim pursuant to Labor Law § 241(6) (*Smith v McClier Corp.*, 22 AD3d 369, 370 [1st Dept 2005]; *Colucci v Equitable Life Assur. Socy. of U.S.*, 218 AD2d 513, 514 [1st Dept 1998]).

Clark and M&S do not argue that plaintiff was not injured in a passageway or working area.[4]  Clark and M&S contend, however, that neither section 23-1.7(e)(1) nor section 23-1.7(e)(2) applies because the Masonite that plaintiff tripped on was an integral part of the

---

[4] Clark does make this argument in its reply papers, but it will not be considered because "[t]he function of reply papers is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of, or new grounds for the motion" (*Dannasch v Bifulco*, 184 AD2d 415, 417 [1st Dept 1992]).

**154786/2019   GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**                          **Page 9 of 26**
 **Motion No.  006 007 008**

9 of 26

[* 9]

construction work.  Specifically, they urge that the Masonite had been purposefully installed on the floor to protect the floor against damage.

In opposition, plaintiff maintains, citing *Bazdaric*, 41 NY3d, that the mis-leveled and broken Masonite temporary flooring was not integral to the work, i.e., it was not a dangerous condition inherent to plaintiff's task of carrying the fireplace mantel.  Plaintiff further asserts that Clark's negligence created a danger that was avoidable without obstructing the work or imperiling plaintiff.

Neither section 23-1.7(e)(1) nor 23-1.7(e)(2) applies where the tripping hazard is an integral part of the construction (*see O'Sullivan v IDI Constr. Co., Inc.*, 7 NY3d 805, 806 [2006] ["plaintiff's Labor Law § 241 (6) cause of action, based on 12 NYCRR 23-1.7 (e) (1) and (2), failed because the electrical pipe or conduit that plaintiff tripped over was an integral part of the construction"]; *see also Salazar v Novalex Contr. Corp.*, 18 NY3d 134, 140 [2011]).

In *Bazdaric*, the plaintiff fell on a plastic covering placed over a stopped escalator as part of a painting renovation job (*Bazdaric*, 41 NY3d at 314).  There, the Court of Appeals held that the integral-part-of-the-work defense "applies only when the dangerous condition is inherent to the task at hand, and not . . . when a defendant or third party's negligence created a danger that was avoidable without obstructing the work or imperiling the worker" (*id.* at 320).  The Court continued: "[t]he doctrine does not . . . absolve a defendant of liability for the use of an avoidable dangerous condition or for failure to mitigate the danger, including as specifically provided by the Industrial Code, if preventive measures would not make it impossible to complete the work" (*id.* at 321).  Therefore, the Court determined that "[t]he plastic covering that was placed on the escalator was not integral to the paint job because it made [plaintiff's] work area slippery, creating one of the hazards that the cover was intended to avoid," and "[d]efendant was in a

**154786/2019   GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**
**Motion No.  006 007 008**

**Page 10 of 26**

[* 10]

position to avoid this danger because . . . there were alternative coverings . . . that were familiar, previously-used options that would have achieved the goal of protecting the worker from injuries caused by a slipping hazard and also protected the escalator from possible damage" (*id.*).

Here, Clark and M&S failed to demonstrate that the Masonite was "'inherent to the task at hand, and not . . . avoidable without obstructing the work or imperiling the worker'" (*Ruisech v Structure Tone Inc.*, 42 NY3d 1061, 1065 [2024], quoting *Bazdaric*, 41 NY3d at 320; *see also Maldonado v Hines 1045 Ave. of the Ams. Invs. LLC*, 227 AD3d 502, 503 [1st Dept 2024] [summary judgment was premature on plaintiff's Labor Law § 241(6) claim where welder tripped over electrical conduit piping and "[i]ssues of fact remain regarding the preventative measures taken to mitigate the risks associated with the dangerous condition"]). They have failed to show that the dangerous condition was inherent to plaintiff's work or that safer alternatives could not have achieved the same goal of protecting the floor against possible damage. At the time of the accident, plaintiff and his coworkers were carrying the fireplace mantel to the library (NYSCEF Doc No 256, plaintiff tr at 52-54). Plaintiff testified that after he fell, he observed that the Masonite was "slightly lifted and the place where [he] tripped on was slightly broken" (*id.* at 76). He also stated that he previously observed that the pieces of Masonite had been secured together with pieces of tape (*id.* at 34). Hoffman also testified that the edges of Masonite were taped together to prevent dust from entering the different layers (NYSCEF Doc No. 258, Hoffman tr at 70). There is no evidence indicating that Clark or M&S could not simultaneously conduct the work and comply with the commands of sections 23-1.7(e)(1) and (2) (*see Lourenco v City of New York*, 228 AD3d 577, 580-581 [1st Dept 2024] [plastic and rock were not integral to the work where the "task at hand" did not involve

**154786/2019  GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**          **Page 11 of 26**
**Motion No.  006 007 008**

11 of 26

demolition, and contractor could have conducted work and complied with the commands of sections 23-1.7(e)(1) and (2)]).

Accordingly, the branches of M&S's (MS #6) and Clark's (MS #7) motions for summary judgment seeking dismissal of plaintiff's Labor Law § 241(6) claim will be granted as predicated on 12 NYCRR 23-1.7(c) and (d) and denied as predicated upon 12 NYCRR 23-1.7(e)(1) and (2), "regardless of the sufficiency of the opposing papers" (*Alvarez*, 68 NY2d at 324).

**Labor Law § 200 and Common-Law Negligence**

Clark and M&S argue that there is no evidence that Clark created or had notice of the condition over which plaintiff tripped; they maintain that Clark did not receive any complaints about the Masonite, and that Clark's workers inspected the site daily and would have observed the condition had it existed for a sufficient length of time prior to plaintiff's accident.

In opposition, plaintiff argues that defendants have failed to establish that Clark lacked notice of the mis-leveled and broken Masonite.

"Labor Law § 200(1) codifies the common-law duty [of an owner or general contractor] to maintain a safe workplace" (*Toussaint v Port Auth. of New York and New Jersey*, 38 NY3d 89, 94 [2022]). "Claims under Labor Law § 200 and the common law fall under two categories: 'those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed'" (*Jackson v Hunter Roberts Constr., L.L.C.*, 205 AD3d 542, 543 [1ˢᵗ Dept 2022], quoting *Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 143-44 [1ˢᵗ Dept 2012]). "Where an existing defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it" (*id.*). On the other hand, "where the injury was caused by the manner and means of the work, including the equipment used, the owner or general contractor is liable if

**154786/2019   GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**
**Motion No.  006 007 008**

**Page 12 of 26**

it actually exercised supervisory control over the injury-producing work" (*id.* [internal citations omitted]).

Applying these principles, plaintiff's accident arose out of a defective condition on the premises, not the means and methods of the work (*Balbuena v 395 Hudson N.Y., LLC*, 214 AD3d 586, 587 [1st Dept 2023] [where plaintiff tripped and fell on uneven Masonite boards laid on floor of building, "the accident arose from a defective premises condition"]).

In this case, M&S and the Clark defendants have failed to meet their burden of demonstrating that Clark did not create the dangerous condition that caused plaintiff's injuries (*see id.* ["MBI, as the entity that placed the Masonite boards on the floor, failed to meet its burden of showing that it did not create the dangerous condition that caused plaintiff's injuries"]; *see also Quiroz v New York Presbyt./Columbia Univ. Med. Ctr.*, 202 AD3d 555, 556 [1st Dept 2022] [trial court properly denied dismissal of section 200 and common-law negligence claims against general contractor where it "failed to establish prima facie that it did not create the hazardous condition, i.e., the masonite roof cover"]; *cf. Stier v One Bryant Park LLC*, 113 AD3d 551, 552 [1st Dept 2014] [no evidence that defendants created or had notice of unsecured piece of Masonite]). Indeed, Clark's laborers installed the Masonite in the apartment (NYSCEF Doc No 258, Hoffman tr at 68). Hoffman testified that Clark's project manager, project supervisor, project coordinator, and foreman—"generally everyone in Clark"—were responsible for ensuring that the boards were installed safely and properly (*id.*). Moreover, M&S and the Clark defendants have failed to demonstrate that Clark did not have constructive notice of the condition, as they submitted no evidence as to when the area was last cleaned or inspected prior to the accident (*see Pereira v New Sch.*, 148 AD3d 410, 413 [1st Dept 2017]; *Ladignon v Lower Manhattan Dev. Corp.*, 128 AD3d 534, 534 [1st Dept 2015]). Hoffman testified that Clark's

**154786/2019  GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**
**Motion No.  006 007 008**

**Page 13 of 26**

13 of 26

foreman inspected the site once daily but did not keep any records of the inspections (NYSCEF Doc No 258, Hoffman tr at 73-74).

To the extent that the Clark defendants offer affidavits from their laborers in reply (NYSCEF Doc No 330), the affidavits were not considered because they seek to "remedy . . . basic deficiencies in [their] prima facie showing rather than respond to arguments in plaintiff's opposition papers" (*Migdol v City of New York*, 291 AD2d 201, 201 [1st Dept 2002]).

Accordingly, the branches of M&S's (MS #6) and Clark's (MS #7) motions seeking dismissal of plaintiff's Labor Law § 200 and common law negligence claims will be denied, "regardless of the sufficiency of the opposing papers" (*Alvarez*, 68 NY2d at 324).

## Indemnification and Contribution

*i.     The Clark Defendants' and Park's Contractual Indemnification Claims Against M&S*

M&S moves for summary judgment dismissing Clark's contractual indemnification claim.[5]  The Clark defendants move for summary judgment in their favor on their contractual indemnification claim against M&S.  Park also moves for summary judgment in its favor based on the indemnification provision in M&S's subcontract.

The indemnification provision in M&S's subcontract agreement rider provides as follows:

> "**Indemnity**.  In consideration of the Contract Agreement, and to the fullest extent permitted by law, the Subcontractor shall defend and shall indemnify, and hold harmless, at Subcontractor's sole expense, the Contractor, and entities the Contractor is required to indemnify and hold harmless, the Owner of the property, . . . from and against all liability or claimed liability for bodily injury or death to any person(s) . . . including all attorney fees, disbursements and related costs, *arising out of or resulting from the Work covered by this Contract Agreement to the extent such Work was performed by or contracted through the Subcontractor or by anyone for whose acts the Subcontractor may be held liable, excluding only liability created by the sole and exclusive negligence of the Indemnified Parties.*

---

[5] M&S does not address Clark's breach of contract claim.

**154786/2019   GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**                                    **Page 14 of 26**
  **Motion No.  006 007 008**

This indemnity agreement shall survive the completion of the Work specified in the Contract Agreement"

(NYSCEF Doc No 262, subcontract agreement rider [emphasis added]). The list of indemnified parties includes: Clark, LSS, the Shleifers, and Park (*id.*).

Specifically, M&S argues that the provision does not apply because plaintiff's accident arose out of the sole and exclusive negligence of Clark. In other words, M&S asserts that plaintiff's accident was solely caused by Clark's negligence in installing, securing, and maintaining the Masonite.

The Clark defendants contend, in moving for contractual indemnification against M&S, that M&S's vice president testified that it agreed to indemnify Clark for injuries arising out of the performance of its work. In addition, the Clark defendants maintain that, even if there is a question of fact as to Clark's negligence, the court may award Clark conditional contractual indemnification against M&S.

Park argues that it is entitled to contractual indemnification against M&S pursuant to the indemnification provision, given that plaintiff's accident clearly arose out of M&S's work, and Park qualifies as an indemnitee under the provision. According to Park, there has been no finding of liability against it, and it was not involved in any aspect of the work performed in the Shleifers' apartment.

"A party is entitled to full contractual indemnification provided that the intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances" (*Karwowski v 1407 Broadway Real Estate, LLC*, 160 AD3d 82, 87-88 [1st Dept 2018], quoting *Drzewinski v Atlantic Scaffold & Ladder Co.*, 70 NY2d 774, 777 [1987]). "'The right to contractual indemnification depends upon the specific language of the contract'" (*Trawally v City of New York*, 137 AD3d 492, 492-493 [1st Dept 2016], quoting

**154786/2019   GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**
**Motion No.  006 007 008**

**Page 15 of 26**

15 of 26

*Alfaro v 65 W. 13th Acquisition, LLC*, 74 AD3d 1255, 1255 [2nd Dept 2010]) and indemnity contracts "must be strictly construed so as to avoid reading unintended duties into them" (*905 5th Assoc., Inc. v Weintraub*, 85 AD3d 667, 668 [1st Dept 2011]). In contractual indemnification, "the one seeking indemnity need only establish that it was free from any negligence and was held liable solely by virtue of the statutory liability" (*Pena v Intergate Manhattan LLC*, 194 AD3d 576, 578 [1st Dept 2021], quoting *Correia v Professional Data Mgt., Inc.,* 259 AD2d 60, 65 [1st Dept 1999]). Unless the indemnification clause explicitly requires a finding of negligence on behalf of the indemnitor, "[w]hether or not the proposed indemnitor was negligent is a non-issue and irrelevant" (*Correia,* 259 AD2d at 65).

Pursuant to General Obligations Law § 5-322.1, an indemnification clause in a construction contract which purports to indemnify a party for its own negligence is against public policy and is void and unenforceable (*Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 795 [1997], *rearg denied* 90 NY2d 1008 [1997]). Nevertheless, an indemnification agreement that authorizes partial indemnification "to the fullest extent permitted by law" is enforceable (*Brooks v Judlau Contr., Inc.*, 11 NY3d 204, 210 [2008]; *Dutton v Pankow Bldrs*., 296 AD2d 321, 322 [1st Dept 2002], *lv denied* 99 NY2d 511 [2003]). Furthermore, even if the indemnification provision does not contain this savings language, the provision may still be enforced where the party to be indemnified is found to be free of any negligence (*Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 179 [1990]).

"[C]onditional summary judgment is appropriate . . . when judgment has yet to be rendered or paid in the main action, 'since it serves the interest of justice and judicial economy in affording the indemnitee the earliest possible determination as to the extent to which [the indemnitee] may expect to be reimbursed'" (*Hong-Bao Ren v Gioia St. Marks, LLC*, 163 AD3d

**154786/2019   GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**
**Motion No.  006 007 008**

**Page 16 of 26**

16 of 26

[* 16]

494, 496-497 [1st Dept 2018], quoting *Roddy v Nederlander Producing Co. of Am., Inc.*, 44 AD3d 556, 556 [1st Dept 2007] [internal quotation marks and citation omitted]). Even if there are issues of fact as to an indemnitee's active negligence, an award of conditional contractual indemnification is appropriate where the provision contains recognized savings language (*see DeSimone v City of New York*, 121 AD3d 420, 423 [1st Dept 2014]; *Burton v CW Equities, LLC*, 97 AD3d 462, 463 [1st Dept 2013]; *Hughey v RHM-88, LLC*, 77 AD3d 520, 522-523 [1st Dept 2010] ["The extent to which the parties will be entitled to indemnification, however, will depend on the extent to which each party's negligence is determined to have contributed to the accident"]). However, "it is inappropriate to grant conditional summary judgment on an owner or general contractor's contractual indemnification claim against a subcontractor where an issue of fact exists as to whether the owner or general contractor's negligence was the sole proximate cause of the underlying claim" (*Cackett v Gladden Props., LLC*, 183 AD3d 419, 422 [1st Dept 2020]).

Here, the indemnification provision is triggered because plaintiff's accident arose out of M&S's work under its contract, given that he was performing work for M&S when he was injured (NYSCEF Doc No 256, plaintiff tr at 17; NYSCEF Doc No 257, plaintiff tr at 110-112; NYSCEF Doc No 259, Muller tr at 52, 74-75, 76-77; NYSCEF Doc No 262). M&S has, therefore, failed to demonstrate that plaintiff's accident was caused by the "sole and exclusive negligence" of Clark (*see Castro Wythe Gardens, LLC*, 217 AD3d 822, 827 [2nd Dept 2023]). Moreover, Park is precluded from relitigating the issue of its negligence. "The doctrine of the 'law of the case' is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned" (*Martin v City of Cohoes*, 37 NY2d 162, 165 [1975], *rearg*

**154786/2019   GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**                    **Page 17 of 26**
  **Motion No.  006 007 008**

17 of 26

*denied* 37 NY2d 817 [1975]). "An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court and operates to foreclose re-examination of the question absent a showing of subsequent evidence or change of law" (*Mezinev v Tashybekova*, 226 AD3d 570, 571 [1st Dept 2024], *lv denied* 42 NY3d 907 [2024] [internal quotation marks and citation omitted]). By virtue of its default, Park "admit[ted] all traversable allegations in the complaint, including the basic allegation of liability, but [did] not admit the plaintiff's conclusion as to damages" (*Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730 [1984]). Park admitted, among other things, that it was negligent in failing to provide plaintiff with a safe place to work, and that, as result of its negligence, plaintiff suffered severe and permanent personal injuries (NYSCEF Doc No 251, verified complaint ¶¶ 20-21).

The Shleifers are entitled to full contractual indemnification as against Clark, given that the complaint was dismissed as against them (*see Godlewski*, 2021 NY Misc LEXIS 56097, *1). In addition, LSS is entitled to full contractual indemnification as against Clark, since there is no evidence that LSS was negligent; it was formed for domestic operations and general upkeep of the premises (NYSCEF Doc No 286, Cramer tr at 13).

Even though there are issues of fact as to Clark's negligence, Clark is entitled to conditional contractual indemnification as against M&S because the provision only allows indemnification "to the fullest extent permitted by law" (*see DeSimone*, 121 AD3d at 423). However, since Park could be found 100% liable for plaintiff's injuries, it is inappropriate to grant Park contractual indemnification as against M&S at this juncture (*see Callan v Structure Tone, Inc.*, 52 AD3d 334, 335-336 [1st Dept 2008] ["Since defendant could be found 100% liable for the worker's injury, there is no basis for granting summary judgment on its claim for full or

**154786/2019   GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**
**Motion No.  006 007 008**

**Page 18 of 26**

18 of 26

partial contractual indemnification at this juncture"]; *see also Quiroz*, 202 AD3d at 557 ["Structure Tone is not entitled to summary judgment or conditional summary judgment on its claim for contractual indemnification against Penava . . . [where] there is a factual issue as to whether Structure Tone was the sole proximate cause of plaintiff's injury"]; *Pawlicki v 200 Park, L.P.*, 199 AD3d 578, 579 [1st Dept 2021] [contractual indemnification was inappropriate where "defendant 200 Park, the owner of the building, could be found the sole proximate cause of the accident"]).

Accordingly, the part of M&S's motion (MS #6) for summary judgment seeking dismissal of Clark's contractual indemnification claim as against it will be denied; the part of Clark's motion (MS #7) for summary judgment seeking dismissal of M&S's contractual indemnification claim as against it will be granted; and the part of Park's motion (MS #8) for summary judgment in its favor on its indemnification claim as against M&S will be denied.

    *ii.*       *Clark's Common Law Indemnification and Contribution Claims As Against M&S*

M&S moves for summary judgment dismissing Clark's common law indemnification and contribution claims, arguing that plaintiff's accident arose out of Clark's work, and that M&S was not negligent and did not exercise any control over the Masonite installation.[6]

The Clark defendants argue, in opposition, that Clark was not negligent, and M&S may be held vicariously liable for plaintiff's negligence, including "his choice to carry the stone fireplace by hand, any failure to provide any safety equipment, or his failure to observe any jobsite conditions and ensure a safe workplace for himself and his co-workers" (NYSCEF Doc No 319 at 8).

---

[6] Notably, M&S does not argue that the common law indemnification and contribution claims should be dismissed because it was plaintiff's employer (*see Smith v 21 W. LLC Ltd. Liab. Co.*, 29 AD3d 360, 361 [1st Dept 2006]).

**154786/2019   GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**
**Motion No.  006 007 008**

**Page 19 of 26**

"To establish a claim for common-law indemnification, the one seeking indemnity must prove not only that the proposed indemnitor was guilty of some negligence that contributed to the causation of the accident but also that it was not guilty of any negligence beyond the statutory liability" (*Winkler v Halmar Intl., LLC*, 206 AD3d 458, 461 [1st Dept 2022], citing *Priestly v Montefiore Medical Center/Einstein Medical Center*, 10 AD3d 493, 508 [1st Dept 2004]; *accord Naughton v City of New York*, 94 AD3d 1, 10 [1st Dept 2012]). "'Contribution is available where two or more tortfeasors combine to cause an injury and is determined in accordance with the relative culpability of each such person'" (*Shelton v Chelsea Piers, L.P.*, 214 AD3d 490, 491 [1st Dept 2023], quoting *Godoy v Abamaster of Miami*, 302 AD2d 57, 61 [2nd Dept 2003], *lv dismissed* 100 NY2d 714 [2003]).

M&S has failed to demonstrate that it was not negligent or that it cannot be vicariously liable for plaintiff's negligence (*see Guiga v JLS Constr. Co.*, 255 AD2d 244, 245 [1st Dept 1998]; *LaFleur v Consolidated Edison Co. of New York, Inc.*, 245 AD2d 36, 37 [1st Dept 1997] [plaintiff's negligence may be imputed to employer for contribution and common law indemnification claims]). Plaintiff testified that he was a permanent employee of M&S, and that he did not observe the raised and broken Masonite before he fell (NYSCEF Doc No 256, plaintiff tr at 17-18, 76). Plaintiff had been working on the premises for approximately four or five months before the accident (*id.* at 29). He also testified that there were numerous problems with the Masonite throughout the apartment, and that "often times the Masonite was broken [or] bent" (NYSCEF Doc No 257, plaintiff tr at 124). He testified that he asked Hoffman if they could roll the cart through the area, but "he said no because there could be damage and [they had] to carry it" (NYSCEF Doc No 256, plaintiff tr at 56).

**154786/2019    GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**
**Motion No.  006 007 008**

**Page 20 of 26**

Accordingly, the part of M&S's motion (MS #6) seeking dismissal of the Clark defendants' common law indemnification and contribution claims will be denied.

    iii.    *Park's Common Law Indemnification, Contribution, and Contractual Indemnification Claims As Against the Shleifers, Clark, and LSS*

The Clark defendants and M&S[7] contend that Park's third-party claims must be dismissed because it has already been found negligent. They further contend that Park cannot demonstrate that it was not guilty of any negligence beyond statutory liability. The Clark defendants further maintain that Park has been found 100% liable by defaulting.

Park also moves for summary judgment on its common law indemnification and contribution claims as against M&S. Park asserts that there has been no finding of liability against it. Park maintains that it was not involved in any aspect of the work performed in the Shleifers' apartment.

Even though Park has defaulted, it is still entitled to apportionment of fault at the time of trial (*see Paez v 1610 St. Nicholas Ave. L.P.*, 113 AD3d 523, 523 [1st Dept 2014]; *Parra v Ardmore Mgt. Co.*, 258 AD2d 267, 269 [1st Dept 1999], *lv denied* 93 NY2d 805 [1999]). Contrary to the Clark defendants' contention, Park has not been found to be 100% liable for plaintiff's injuries. Moreover, as the court previously held, Park's third third-party claims have not yet been adjudicated (NYSCEF Doc No 214). As discussed above, there are issues of fact as to Clark's and M&S's negligence in causing or contributing to the accident. Thus, Clark and M&S are not entitled to dismissal of Park's contribution claims. For the same reasons, Park is not entitled to summary judgment on its contribution claim as against M&S (*see Shelton*, 214 AD3d at 491; *cf. Jehle v Adams Hotel Assoc.*, 264 AD2d 354, 355 [1st Dept 1999]).

---

[7] The Clark defendants and M&S do not address Park's breach of contract claims.

**154786/2019   GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**
**Motion No.  006 007 008**

**Page 21 of 26**

21 of 26

[* 21]

Nevertheless, Park's common law indemnification claims fail because it is unable to show that it was completely free from negligence (*see Winkler*, 206 AD3d at 461; *Trustees of Columbia Univ. v Mitchell/Giurgola Assoc.*, 109 AD2d 449, 453 [1st Dept 1985] ["a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine"]). Therefore, M&S and the Clark defendants are entitled to summary judgment dismissing Park's common law indemnification claims. For the same reasons, Park is not entitled to summary judgment on its common law indemnification claims.

Park moves for summary judgment on its contractual indemnification claim as against the Shleifers pursuant to the following provision in their alteration agreement:

> "I agree, except as limited herein, to indemnify and hold you, your Board of Directors, your shareholders and other occupants of the Building, the Managing Agent, and your architects and engineers harmless from and against any and all losses, liabilities, costs and expenses (including and without limitation, reasonably attorneys' fees and disbursements) suffered by reason of any injuries or damage to persons or property as a result of or in any way connected with the Work and any fault or defect therein or created thereby, whether or not caused by negligence. In the event an indemnified person is held to be liable in part, indemnification shall be limited to any liability imposed over and above that percentage of liability attributable to such indemnified person. Nothing in this paragraph nor in this Agreement shall exempt you from liability you may otherwise have for damages for injuries to person or property caused by or resulting from your negligence or that of your agents, servants or employees. This indemnification shall survive completion of the Work"

(NYSCEF Doc No 282 at 5).

Park asserts that there is no dispute that plaintiff's accident arose out of or was in connection with the alteration work in the Shleifers' apartment.

The Clark defendants also move for summary judgment dismissing Park's contractual indemnification claims, arguing that Clark and LSS are not parties to the alteration agreement. Moreover, Park was not an intended or implied third-party beneficiary of any agreement involving LSS. The Clark defendants further assert that Park is not entitled to contractual

**154786/2019   GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**                    **Page 22 of 26**
**Motion No.  006 007 008**

22 of 26

[* 22]

indemnification against the Shleifers because its negligence is law of the case, and Park has been found 100% liable in default.

General Obligations Law § 5-321, entitled "Agreements exempting lessors from liability for negligence void and unenforceable," provides:

> "Every covenant, agreement or understanding in or in connection with or collateral to any lease of real property exempting the lessor from liability for damages for injuries to person or property caused by or resulting from the negligence of the lessor, his agents, servants or employees, in the operation or maintenance of the demised premises or the real property containing the demised premises shall be deemed to be void as against public policy and wholly unenforceable."

The statute applies to alteration agreements entered into pursuant to proprietary leases of cooperative apartments (*see generally Baker v 40 E. 80 Apt. Corp.*, 204 AD3d 462, 463 [1st Dept 2022]). Courts have held that indemnification provisions in such agreements are not void and unenforceable under the statute where they do not purport to indemnify the lessor for its own negligence (*see Mahon v David Ellis Real Estate, L.P.*, 165 AD3d 600, 601 [1st Dept 2018]; *Glover v City of New York*, 215 AD2d 146, 147 [1st Dept 1995]).

"To obtain conditional relief on a claim for contractual indemnification, 'the one seeking indemnity need only establish that it was free from any negligence and [may be] held liable solely by virtue of . . . statutory [or vicarious] liability'" (*Spielmann v 170 Broadway NYC LP*, 187 AD3d 492, 494 [1st Dept 2020], quoting *Jamindar v Uniondale Union Free School Dist.*, 90 AD3d 612, 616 [2nd Dept 2011] [internal quotation marks and citation omitted]).

The Shleifers are not entitled to dismissal of Park's contractual indemnification claim because Park will not be indemnified for its own negligence under the indemnification provision. The indemnification provision limits indemnification "to any liability imposed over and above that percentage of liability imposed attributable to such indemnified person" (NYSCEF Doc No 282 at 5), so Park will not be indemnified for its own liability. As noted above, Park has not

**154786/2019   GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**
**Motion No.  006 007 008**

**Page 23 of 26**

23 of 26

been found to be 100% liable for plaintiff's injuries. However, Park has not disputed that neither Clark nor LSS qualifies as an indemnitee under the alteration agreement (*see Tonking v Port Auth. of N.Y. & N.J.*, 3 NY3d 486, 490 [2004]). Park also does not rely on the indemnification provision in Clark's contract (NYSCEF Doc No. 323 ¶¶ 22-26, 36-44). Accordingly, the branch of the Clark defendants' motion (MS #7) seeking dismissal of Park's contractual indemnification claim will be granted to the extent that Park's contractual indemnification claim as against Clark and LSS will be dismissed but will be denied with respect to the Shleifers.

Park is likewise not entitled to summary judgment in its favor on its contractual indemnification claim as against the Shleifers. As Park's negligence is the law of the case (*see Godlewski*, 194 AD3d at 569-570), it is not entitled to full contractual indemnification at this juncture (*see Correia*, 259 AD2d at 65). Moreover, at this stage, conditional contractual indemnification is inappropriate because Park cannot demonstrate its freedom from negligence, and Park could potentially be found to be 100% liable for plaintiff's accident (*see Spielmann*, 187 AD3d at 494). Accordingly, the branch of Park's motion (MS #8) for summary judgment seeking contractual indemnification from the Shleifers will be denied.

### iv. *The Clark Defendants' Common Law Indemnification Claim Against Park*

The Clark defendants move for summary judgment on their common law indemnification claim as against Park, arguing that they were not negligent, and that Park's negligence is the law of the case. However, there are issues of fact as to Clark's negligence. The Shleifers and LSS have also not been held liable for plaintiff's injuries (*see Nieves-Hoque v 680 Broadway LLC*, 99 AD3d 536, 537 [1st Dept 2012] ["Absent liability, vicarious or otherwise, there is no basis for indemnification"]). Accordingly, the part of Clark's motion (MS #7) for summary judgment seeking common law indemnification from Park will be denied.

**154786/2019   GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**
**Motion No.  006 007 008**

**Page 24 of 26**

24 of 26

## CONCLUSION

Accordingly, it is

**ORDERED** that the motion (sequence number 006) of third-party defendant/second third-party defendant Marble and Stone Creations, Inc. d/b/a Gregory Muller Associates for summary judgment is granted to the extent that the following causes of action are dismissed as against it: (i) plaintiff's Labor Law § 241(6) claim, except insofar as predicated on 12 NYCRR 23-1.7(e)(1) and (2); (ii) plaintiff's Labor Law § 240(1) claim; and (iii) defendant/third third-party plaintiff Park Seventy-Ninth Corp.'s common law indemnification claim, and the motion is otherwise denied; and it is further

**ORDERED** that the motion (sequence number 007) of defendant/third-party plaintiff/third third-party defendant Clark Construction Corporation, second third-party plaintiffs/third third-party defendants Scott Shleifer and Elena Shleifer, and third third-party defendant LSS Homestead LLC for summary judgment is granted to the extent that: (A) the following causes of action are dismissed as against them: (i) plaintiff's Labor Law § 240(1) claim; (ii) plaintiff's Labor Law § 241(6) claim, except insofar as predicated on 12 NYCRR 23-1.7(e)(1) and (2); (iii) defendant/second third-party plaintiff Park Seventy-Ninth Corp.'s contractual indemnification claim as against defendant/third-party plaintiff/third third-party defendant Clark Construction Corporation and third third-party defendant LSS Homestead LLC; (iv) defendant/third third-party plaintiff Park Seventy-Ninth Corp.'s common law indemnification claims; (B) defendant/third-party plaintiff/third third-party defendant Clark Construction Corporation is entitled to conditional summary judgment on its contractual indemnification claim as against third-party defendant/second third-party defendant/third third-party defendant Marble and Stone Creations, Inc. d/b/a Gregory Muller Associates; and (C)

**154786/2019   GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**
**Motion No.  006 007 008**

**Page 25 of 26**

25 of 26

[* 25]

second third-party plaintiffs/third third-party defendants Scott Shleifer and Elena Shleifer and third third-party defendant LSS Homestead LLC are entitled to full contractual indemnification as against third-party defendant/second third-party defendant Marble and Stone Creations, Inc. d/b/a Gregory Muller Associates, and the motion is otherwise denied; and it is further

**ORDERED** that the motion (sequence number 008) of defendant/third third-party plaintiff Park Seventy-Ninth Corp. for summary judgment is denied.

20250407153234PGOETZ5ZZ94FC3D65C4A118EC7B62C850C9233

| 4/7/2025 | | | | PAUL A. GOETZ, J.S.C. |
| --- | --- | --- | --- | --- |
| DATE | | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**154786/2019   GODLEWSKI, MICHAL vs. PARK SEVENTY-NINTH CORP.**
**Motion No.  006 007 008**

**Page 26 of 26**

[* 26]